IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 5:16-cr-00112 |
| Plaintiff, | ) | |
| | ) | Judge Dan Aaron Polster |
| v. | ) | |
| | ) | OPINION AND ORDER |
| CARLOS ELIAS, | ) | |
| | ) | |
| Defendant. | ) | |

Before the Court is *pro se* Defendant Carlos Elias's ("Elias") motion for sentence reduction under 18 U.S.C. § 3582(c)(1)(A), U.S. Sentencing Guidelines (U.S.S.G.) § 1B1.13(b)(6), and U.S.S.G. Amendment 821. ECF Doc. 262. The government opposes Elias's motion. ECF Doc. 265. For the following reasons, the Court DENIES Elias's motion for sentence reduction.

Background and Procedural History

In September 2016, Elias pleaded guilty to the indictment, without a plea agreement. ECF Doc. 81. Counts 1, 2-5, 8, 11-20 charged Elias with Conspiracy to Possess with Intent to Distribute and Distribution of Crystal Methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A) (Count 1); Possession with Intent to Distribute Heroin and Crystal Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) (Counts 2 through 5); and Use of a Telecommunication Facility to Facilitate a Drug Trafficking Offense, in violation of 21 U.S.C. § 843(b) (Counts 8, and 11 through 20). ECF Doc. 9. After pleading guilty, Elias moved to substitute his counsel (ECF Doc. 91) and withdraw his guilty plea (ECF Doc. 92). In November 2016, the Court permitted Elias's counsel to withdraw and appointed new counsel of record. ECF Doc. 93. The Court denied Elias's motion to

1

withdraw his plea of guilty.  *Id.*

Prior to sentencing, Elias and the government executed a sentencing agreement.  ECF Doc. 154.  The sentencing agreement contains several provisions that are relevant to the instant motion.  First, Elias affirmed that he pleaded guilty to the indictment "knowingly, willfully, intelligently, voluntarily, and of his own free will, and after receiving advice of counsel."  *Id.* at PageID# 1202.  Second, he affirmed that he reviewed the Presentence Investigation Report (PSR) with his attorney, withdrew all objections to the PSR, and agreed that "the guideline range calculated in that report accurately reflects his conduct in the case and his Criminal History Category."  *Id.* at PageID# 1203.  Under the PSR, Elias's total offense level of 43 and criminal history category III yielded an advisory guideline range of life imprisonment.  ECF Doc. 146, PageID# 1151, ¶ 140.  Third, he and the government agreed that Elias would be required to pay a mandatory special assessment of $1,600, and the parties would recommend that the Court impose a sentence of 20 years.  ECF Doc. 154, PageID# 1200, 1203.  In March 2017, the Court sentenced Elias to 240 months imprisonment, five years supervised release, and a $1,600 special assessment.  ECF Docs. 153, 155.

On March 18, 2024, Elias filed the instant motion for sentence reduction.  ECF Doc. 262.  Elias asserts two main bases for relief: (1) that the Court mistakenly sentenced him for a drug quantity of 4.5 kilograms of Crystal Methamphetamine instead of the lower amounts charged in the indictment, which constitutes an unusually long sentence under U.S.S.G. § 1B1.13(b)(6) and extraordinary and compelling circumstances under 18 U.S.C. § 3582(c)(1)(A)(i); and (2) if sentenced today, under U.S.S.G. Amendment 821, he would receive zero status points instead of the two that he received at sentencing, which would

2

lower his criminal history category from III to II. *Id.* at PageID# 2013-16.

On April 26, 2024, Court-appointed defense counsel filed a Notice of No Supplement to Pro Se Motion under 18 U.S.C. § 3582(c)(1) and Amendment 821. ECF Doc. 264. On May 6, 2024, the government filed its response in opposition. ECF Doc. 265. The government does not address Elias's first basis for relief. *Id.* Regarding the second basis, the government does not dispute that under the amendment, Elias would now receive zero status points instead of the two that he received at sentencing, which would correlate to a criminal history category II, not III. *Id.* at PageID# 2033. On this point, Elias and the government agree. Even so, the government maintains that because a total offense level of 43 and a criminal history category II still results in an advisory range of life imprisonment, "Elias is not entitled to relief and his motion should be denied." *Id.*

Elias has not filed a reply as of the date of this opinion and order. Elias is presently housed at Federal Correctional Institution (FCI) Jesup, and his projected release date is September 9, 2033.[1] *Id.*

## Standard

Under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, a court may reduce an incarcerated person's sentence in extraordinary and compelling circumstances. *United States v. Jones*, 980 F.3d 1098, 1100 (6th Cir. 2020). An incarcerated person must satisfy the exhaustion requirements in § 3582(c)(1)(A) prior to filing. *See United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020). Before granting a sentence modification under § 3582(c)(1)(A)(i), this Court must find: (1) extraordinary and compelling reasons warrant a sentence modification; and (2) the reduction is appropriate

---

[1] Federal Bureau of Prisons locator, https://www.bop.gov/inmateloc// (last accessed 5/8/2024).

considering the 18 U.S.C. § 3553(a) sentencing factors. *United States v. Mukunda Dev Mukherjee*, No. 22-1627, 2023 U.S. App. LEXIS 10058, at *3 (6th Cir. Apr. 25, 2023) (citing *United States v. Traylor*, 16 F.4th 485, 487 (6th Cir. 2021)). Additionally, the Court considers in its analysis the newly enacted policy statement in U.S.S.G. § 1B1.13. *See United States v. Jarvis*, 999 F.3d 442, 446 (6th Cir. 2021) (noting that a court may look to § 1B1.13 for guidance when determining whether a defendant has established extraordinary and compelling reasons for release). Finally, Elias bears the burden of proof to show he is eligible for a sentence reduction. *United States v. Young*, 2022 U.S. Dist. LEXIS 191942, at *2 (N.D. Ohio Oct. 20, 2022).

Next, in Part A to Amendment 821 to the U.S.S.G., the Sentencing Commission altered the "status points" provision regarding criminal history, which now appears in Section 4A1.1(e). The amended provision states:

> Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

A defendant who otherwise presents seven criminal history points or more now receives one additional "status" criminal history point, instead of two, while a person who otherwise presents six criminal history points or fewer receives no status points. On August 24, 2023, the Commission decreed that this change applies retroactively. In accordance with *Dillon v. United States*, 560 U.S. 817 (2010), after determining a defendant's eligibility for a sentence reduction under Amendment 821, the Court considers the § 3553(a) sentencing factors before deciding whether to exercise its discretion and grant a sentence reduction. *Dillon*, 560 U.S. at 827.

4

Analysis

For the following reasons, the Court denies Elias's motion for sentence reduction. First, Elias failed to exhaust his administrative remedies under § 3582(c)(1)(A) prior to filing. Elias contends that he submitted a request for compassionate release to the Warden of FCI Jesup, and the Warden notified him that FCI Jesup does not "have to do administrative remedies." ECF Doc. 262, PageID# 2012. But Elias did not attach his request for administrative remedies, nor the Warden's response. Similarly, Elias did not provide the dates of his submission or the Warden's denial. *Id.* Therefore, there is no documentary evidence before the Court to corroborate Elias's self-serving statements that he took these actions before filing the instant motion. Accordingly, the Court finds that Elias failed to exhaust his administrative remedies.

Second, even if the Court were to reach the merits of Elias's motion under § 3582(c)(1)(A)(i), the Court would deny his motion because he did not receive an unusually long sentence, and he is ineligible for relief under U.S.S.G. § 1B1.13(b)(6). Elias argues that the Court sentenced him based on the improper drug quantity of 4.5 kilograms of Crystal Methamphetamine, instead of the lower amounts in the indictment, and this resulted in an unusually long sentence. ECF Doc. 262, PageID# 2014. Elias is wrong on several accounts.

Two principal documents guided the Court's sentencing decision: (1) the Final PSR (ECF Doc. 146), which calculated a guideline imprisonment range of life, and (2) the parties' sentencing agreement (ECF Doc. 154), which recommended a sentence of 20 years. Importantly, Elias withdrew all objections to the Final PSR and explicitly agreed that the guideline range "accurately reflect[ed] his conduct in this case." ECF Doc. 154, PageID# 1202, 1203. Contrary to Elias's contention, the PSR's Offense Level Computation correctly

5

reflects Elias's criminal conduct and drug quantities. ECF Doc. 146, PageID# 1143-44. The 41-page PSR thoroughly detailed Elias's criminal conduct and the numerous drug transactions he coordinated and executed. *Id.* at PageID# 1125-43, 16-91. Elias was "the main supplier in the Akron/Canton area of 'Ice,' heroin, and cocaine" and "named in almost all of the 77 Overt Acts of the Conspiracy." *Id.* at PageID# 1124, 1125. Overall, the PSR estimated that Elias was "responsible for the possession and distribution and attempted possession of approximately 15 kilograms of 'Ice' and approximately 116 grams of heroin." *Id.* at PageID# 1124, ¶ 6. Therefore, the PSR and the Court correctly calculated Elias's criminal conduct and drug quantities.

Next, U.S.S.G. § 1B1.13(b)(6) requires in relevant part a defendant to have "served at least 10 years of the term of imprisonment" and a change in the law that "would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." Neither requirement is met here. Elias has served just over eight years of his sentence and does not identify any legal changes that would result in a gross sentencing disparity. ECF Doc. 262, PageID# 2011. Therefore, Elias's basis for relief under § 3582(c)(1)(A)(i) is denied.

Third, Elias is ineligible for a sentence reduction under Amendment 821. There is no dispute that the two status points that Elias received for committing the instant offenses while on probation should now be zero points. But this would simply lower Elias's criminal history category from III to II, which would have zero impact on the guideline range. Under U.S.S.G. § 1B1.10(a)(2)(B), "[a] reduction in the defendant's term of imprisonment . . . is *not* authorized under 18 U.S.C. § 3582(c)(2) if" the amendment "does *not* have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B) (emphasis

added). In Elias's situation, lowering his criminal history category from III to II would still result in an advisory guideline range of life imprisonment. In other words, there would be no change to his calculated guideline range even with the removal of the two status points. Accordingly, Elias is ineligible for a sentence reduction.

Even if Elias was eligible for a sentence reduction under Amendment 821, the Court exercises its discretion and denies Elias's motion. The nature and circumstances of his offenses—including his leadership role in this far-reaching criminal enterprise to supply illicit drugs to Akron and Canton communities—and the need to safeguard the public safety weigh against a sentence reduction. Elias was 34 years old at the time of sentencing. ECF Doc. 146, PageID# 1122. Considering that Elias originally faced a guideline range of life imprisonment at his young age, the Court's twenty year sentence itself was a generous downward departure. Ultimately, the Court finds that the § 3553(a) factors weigh heavily against Elias's requested relief. Accordingly, Elias's motion is denied.

## Conclusion

The Court finds that: (1) Elias failed to exhaust his administrative remedies under 18 U.S.C. § 3582(c)(1)(A) prior to filing; (2) Elias did not receive an unusually long sentence and is ineligible for relief under U.S.S.G. § 1B1.13(b)(6); and (3) Elias is ineligible for a sentence reduction under Amendment 821. Accordingly, the Court <u>DENIES</u> Elias's motion for sentence reduction.

IT IS SO ORDERED.

Date: May 9, 2024

*/s/ Dan Aaron Polster*
Dan Aaron Polster
United States District Judge
