**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | ) CASE NO.   5:16-cr-00112-002 |
| | ) |
| | ) |
| Plaintiff-Respondent, | ) JUDGE DAN AARON POLSTER |
| | ) |
| v. | ) |
| | ) |
| CARLOS ELIAS, | ) OPINION & ORDER |
| | ) |
| Defendant-Petitioner. | ) |
| | ) |

On February 5, 2026, Defendant-Petitioner Carlos Elias ("Elias") filed a *pro se* motion to reduce his sentence pursuant to 18 U.S.C. §§ 3582(c)(1)(A)(i), also known as a motion for compassionate release, as well as pursuant to First Step Act §§ 102, 401, and 402 and "guiding case law." ECF 291. The Government filed a response in opposition on March 20, 2026. ECF 297. No reply was filed. For the reasons discussed herein, Elias' motion is **DENIED**.

**I.  BACKGROUND**

On April 16, 2016, Elias was named in a twenty-count indictment charging him with a wide variety of crimes on sixteen of those counts, including: Conspiracy to Possess with Intent to Distribute and Distribution of Crystal Methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A) (Count 1); Possession with Intent to Distribute Heroin and Crystal Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) (Counts 2 through 5); and Use of a Telecommunication Facility to Facilitate a Drug Trafficking Offense, in violation of 21 U.S.C. § 843(b) (Counts 8, and 11 through 20). ECF 9. On September 22, 2016, Elias pled guilty to the indictment, without a plea agreement. ECF 81.

The Presentence Investigation Report ("PSR") calculated Elias' base offense level as 38. ECF 146. Elias received a two-level increase for possessing a dangerous weapon, a two-level increase for attempting to have a cooperator killed, and a four-level increase for his role as an organizer or leader in the conspiracy, resulting in an adjusted offense level of 46. *Id.* A three-level reduction for acceptance of responsibility yielded a total offense level of 43. *Id.* An evaluation of Elias' criminal history placed him in criminal history category III. *Id.* Elias's total offense level of 43 and criminal history category III resulted in an advisory Guidelines range of life imprisonment. *Id.* In March 2017, the Court granted a downward departure based on the parties' sentencing agreement and sentenced Elias to 240 months imprisonment, five years supervised release, and a $1,600 special assessment. ECF 154, 155. Elias is currently incarcerated at Jesup FCI, with a projected release date of October 20, 2032.[1]

Elias previously moved for a sentence reduction, pursuant to U.S. Sentencing Guidelines ("U.S.S.G.") § 1B1.13(b)(6), and U.S.S.G. Amendment 821, and compassionate release under 18 U.S.C. § 3582(c)(1)(A). ECF 262. This Court denied that motion. ECF 266. The Sixth Circuit affirmed. *United States v. Elias,* Case No. 24-3465, 2025 WL 1568308 (6th Cir. Apr. 16, 2025).

## II.  LEGAL STANDARD

A motion for sentence reduction filed under 18 U.S.C. § 3582(c)(1)(A)—a motion for compassionate release—is analyzed under a three-step inquiry.  *United States v. McCall*, 56 F.4th 1048, 1054 (6th Cir. 2022) (*en banc*) (quotations omitted), *cert. denied*, 143 S. Ct. 2506, 216 L. Ed. 2d 461 (2023). First, when an imprisoned person files a motion for compassionate release, they must show exhaustion by either: (1) a warden denying their request; or (2) thirty days passing since

---

[1] https://www.bop.gov/inmateloc/ (last accessed April 24, 2026).

their request was made without a response. *United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020).

Second, the Court must find that both "extraordinary and compelling" reasons justify a sentence reduction and that such a reduction would be consistent with policy statements issued by the Sentencing Commission. *Jones*, 980 F.3d at 1101. In *McCall*, 56 F.4th 1048, the Sixth Circuit held that a nonretroactive change in sentencing law does *not* constitute an "extraordinary and compelling" circumstance under 18 U.S.C. § 3582(c)(1)(A). The Court affirmed this holding in *United States v. Bricker*, 135 F.4th 427, 430 (6th Cir. 2025), *petition for cert. filed*, Case No. 25-81 (U.S. July 18, 2025).

If an "extraordinary and compelling reason" is found, the final step of the inquiry requires re-weighing the sentencing factors of 18 U.S.C. § 3553(a). *McCall,* 56 F.4th at 1054. When weighing these factors, a district court is permitted to consider a defendant's "history and characteristics, including his propensity to be a danger to the community upon release, as well as the nature and circumstances of his offense." *United States v. Sherwood*, 986 F.3d 951, 954 (6th Cir. 2021).

The defendant bears the burden of showing they are eligible for a sentence modification. *United States v. McClain*, 691 F.3d 774, 777 (6th Cir. 2012) (the defendant bears the burden to show eligibility for reduction of sentence under Section 3582(c)(2)).

## III. ANALYSIS

### A. COMPASSIONATE RELEASE

#### 1. Timeliness

The Court cannot entertain a defendant's compassionate release motion unless: (1) the defendant exhausted all administrative remedies; or (2) at least thirty days have passed since a

Warden received the defendant's compassionate release request. 18 U.S.C. § 3582(c)(1)(A). Here, Elias has not provided any evidence that he even attempted to utilize his administrative remedies prior to filing his motion, let alone that he exhausted them, or sufficient time had first passed since the Warden received his request.

However, section 3582 administrative exhaustion is a claims-processing rule, which may be waived or forfeited by the government. *See Alam*, 960 F.3d at 833 (noting that "mandatory claim-processing rules bind the courts only when properly asserted and not forfeited" (citing *Eberhart v. United States*, 546 U.S. 12, 19 (2005) (per curiam)); *id.* at 833-34 (finding that section 3582(c)(1)(A)'s exhaustion requirement was not jurisdictional, but a mandatory claims-processing rule). Here, the Government has not made mention of administrative exhaustion in their opposition brief. Therefore, to the extent an objection on this ground could have been raised, the Government has waived it.

### 2.  Extraordinary/Compelling Reasons

Elias seems to rely on a handful of grounds that he argues "collectively constitute extraordinary and compelling reasons justifying a sentence modification." ECF 291, at 1. These include: (1) his status as a "first-time, non-violent drug offender"; (2) his "extraordinary rehabilitation" via completion of "extensive Bureau of Prisons [("BOP")] programming"; (3) a "perfect disciplinary record"; and (4) his mandatory deportation upon release. *Id.*, at 1. As explained below, though, none of these grounds—individually or in their totality—satisfy this requirement.

### i.  First Step Act

Elias appears to rely on three sections of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, as an extraordinary and compelling reason. Section 102 mandates that the BOP

implement a risk and needs assessment system to evaluate recidivism rates of inmates (as developed in accordance with section 101 of the Act). 132 Stat. at 5208-13. Section 401 modified the criteria under which prior drug felonies can lead to enhanced sentences, particularly for individuals with prior non-violent drug offenses. *Id.* at 5220-21. Notably, section 401 only applies to offenses committed before the Act "if a sentence for the offense has not been imposed" at the time of the Act's enactment. §401(c), 132 Stat. at 5221. Section 402 broadens the existing safety valve provision allowing courts to impose sentences below the mandatory minimum for certain nonviolent, cooperative drug offenders with a limited criminal history. *Id.* at 5221. This section only applies "to a conviction entered on or after the date of enactment of this Act." §402(b), 132 Stat. at 5221.

Elias provides no explanation for how any of these sections may apply to him, though it would seem that he intends to invoke U.S.S.G. § 1B1.13(b)(6)—Unusually Long Sentence. This section provides:

> **Unusually Long Sentence**.—If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6). This argument fails for several reasons. First and foremost, the Sixth Circuit recently held § 1B1.13(b)(6) to be entirely invalid. Specifically, the Sixth Circuit held that the U.S. Sentencing Commission exceeded its statutory authority in promulgating § 1B1.13(b)(6) by "issu[ing] a policy statement that is plainly unreasonable under the statute and in conflict with the separation of powers." *Bricker*, 135 F.4th at 430. Specifically, § 1B1.13(b)(6) "contradicts the

nonretroactivity of the individual sentencing revisions and circumvents Congress's clear limitation on retroactively applying new legislation." *Id.* at 444. As this Court is bound by *Bricker*, any section of the First Step Act that could result in a different sentence if Elias was newly convicted today cannot be relied upon as an extraordinary and compelling reason. And even if this Court were not bound by *Bricker*, Elias would be ineligible for relief under § 1B1.13(b)(6) because he has not yet served at least ten years of his sentence. "Elias's sentence was imposed on March 16, 2016[,] and he has served only 9 years and 11 months of his sentence." ECF 291, at 9.

### ii. Other Extraordinary and Compelling Reasons

The remainder of Elias' arguments also fail. First, Elias cannot demonstrate an extraordinary and compelling reason as a first-time nonviolent drug offender because that assertion is false. Elias has a criminal history dating back over two decades, including "a prior conviction for possession of drugs and two more criminal convictions following that incident." *Id.* (citing ECF 146, the sealed PSR). Accordingly, this claim cannot be considered.

Nor can Elias' subsequent prison conduct constitute an extraordinary and compelling reason for compassionate release. Rehabilitation alone cannot constitute an extraordinary and compelling reason. *See United States v. Bass,* 17 F.4th 629, 637 (6th Cir. 2021). Thus, while the Court commends the Elias' work towards self-improvement, the Court cannot find such work constitutes an extraordinary and compelling reason.

### 3. Section 3553(a) Factors

Even if the Court were inclined to believe that Elias has an "extraordinary and compelling" reason for compassionate release, the Court must still find that the reduction is "consistent with applicable policy statements issued by the Sentencing Commission" and consider "all relevant sentencing factors listed in 18 U.S.C. § 3553(a)." *United States vs. Elias*, 984 F.3d 516, 518 (6th

Cir. 2021). The only new factor that the Court could potentially consider here is Elias' rehabilitation efforts in prison; however, the Court declines to find that this changes its prior section 3553(a) analysis as stated on the record at the March 28, 2017, sentencing hearing, particularly considering Elias' concerning BOP inmate disciplinary record. *See* ECF 297-1.

## B.  TIME CREDITS UNDER SECTION 3632(D)(4)

Elias has motioned to receive credits against his sentence under 18 U.S.C.S. § 3632(d)(4). ECF 291, at 5. That section permits defendants to receive credit towards their sentences as they complete "evidence-based recidivism reduction programming or productive activities." § 3632(d)(4)(A). However, he is ineligible to receive any time credits because he "is the subject of a final order of removal under any provision of the immigration laws (as such term is defined in section 101(a)(17) of the Immigration and Nationality Act (8 U.S.C. 1101(a)(17)))." 18 U.S.C. § 3632(E)(i). Elias himself acknowledges that he is subject to deportation upon his release. *See* ECF 291, at 5 ("Defendant will be deported to Mexico upon release."). Additionally, Elias is ineligible to receive credits due to the nature of his drug convictions, which are specifically excepted from earning time credits. *See* § 3632(d)(4)(A) ("A prisoner, except for an ineligible prisoner under subparagraph (D)… shall earn time credits as follows." (emphasis added)); *see also id.* (d)(4)(D)(lxv), (lxvii) (exempting offenders convicted of possession with intent to distribute heroin and methamphetamine, respectively, where the court "finds that the offender was … [a] leader … in the offense"); ECF 146, ¶ 102 (the sealed PSR, adjustment to offense level for Elias' role in the offense).

## IV. CONCLUSION

The Court finds that Elias is ineligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). And even if he were eligible, the section 3553(a) factors weigh against his requested relief. Accordingly, the Court **DENIES** Elias' motion for sentence reduction. The Court further finds that Elias is ineligible to receive time credits under section 3562(d)(4)(A). Accordingly, the Court **DENIES** Elias' motion to reward time credits.

The Court also certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from that decision could not be taken in good faith.

**IT IS SO ORDERED.**

*/s/Dan Aaron Polster*
**Dan Aaron Polster**
**Date: April 24, 2026**          **United States District Judge**